MONICA R. MOLINA, ESQ. (SBN 217385)
LAW OFFICES OF MONICA R. MOLINA
30700 Russell Ranch Road, Suite 250
Westlake Village, California
Tel:    (747) 220-6655
Fax:    (747) 220-6601
E-mail:  MRMolina@sbcglobal.net

Attorneys for Defendant, ESPERANZA MOLINA

## UNITED STATES DISTRICT COURT,

## CENTRAL CALIFORNIA

| | |
|---|---|
| Chris Langer,<br><br>               Plaintiff,<br><br>    v.<br><br>Esperanza Molina, in individual and representative capacity as trustee of the Esperanza Molina Revocable Trust-1995 executed September 16, 1995; Urbano Fernandez; Araceli Zuniga Hernandez; and Does 1-10,<br><br>               Defendants. | **Case No. 20:20-cv-04988-JFW-AS**<br><br>**NOTICE OF MOTION; MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S ATTORNEY, POTTER HANDY, LLP**<br><br>Date:    November 30, 2020<br>Time:   1:30 p.m.<br>Place:  Courtroom of the<br>             Hon.  John F. Walter |

        PLEASE TAKE NOTICE that on November 30, 2020, or as soon thereafter as the matter may be heard, in Courtroom 7A, before the Hon. John F. Walter, located at the United States Courthouse, located at 350 W. 1st Street, Los Angeles, CA 90012, 8th Floor, at 1:30 p.m., named Defendant ESPERANZA MOLINA shall and hereby does respectfully move this Court to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ESPERANZA MOLINA'S motion is based upon this Notice

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

of Motion, the following Memorandum of Points and Authorities in support thereof, Declaration of Monica R. Molina, and such additional matters as may be judicially noticed or properly come before this Court prior to or at the hearing on this matter.

Dated:  October 26, 2020                  LAW OFFICES OF MONICA R. MOLINA

                                                      By: /s/ *Monica R. Molina*
                                                      _____
                                                      Attorneys for Defendant,
                                                      ESPERANZA MOLINA

NOTICE OF MOTION; MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S ATTORNEY, POTTER HANDY, LLP

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT FRCP 12(b)(1) AND 12(b)(6)

### I.  INTRODUCTION

This Motion is being made on behalf of Esperanza Molina (hereinafter "Defendant"). On June 5, 2020, plaintiff, Chris Langer (hereinafter "Plaintiff"), filed this action against Defendants, in relation to a store located at 1382 W. Sunset Boulevard, Los Angeles, California, asserting claims for "Damages And Injunctive Relief For Violations Of: American's With Disabilities Act; Unruh Civil Rights Act."

Compliance with Local Rule 7-3: The parties met and conferred regarding issues salient to a motion to Dismiss under Rule 12(b)(1) and 12(b)(6) and came into an agreement wherein Plaintiff's counsel agreed to amend the Complaint. Not only did Plaintiff's counsel not amend the Complaint but Plaintiff's counsel wrongfully requested and had entered a default against Defendant. The default has since been set aside only due to Defendant's insistence and preparation of a stipulation to set aside default (Plaintiff refused to prepare the stipulation after having caused to the wrongful entry and after many requests for Plaintiff's Counsel to withdraw the default request prior to its entry).

Moreover, upon the setting aside of the default against Defendant, Defendant's Counsel attempted to prepare the Joint Statement delineating the issues as set forth in the meet and confer meeting. The proposed Joint Statement was sent to four (4) different attorneys and/or staff for Plaintiff on October 5, 2020, and NO RESPONSE has been provided. Counsel for Plaintiff have blatantly failed to comply with Local Rule 7-3, the Standing Order requirements of this Court, and haD, in bad faith, requested an entry of default against Defendant after

NOTICE OF MOTION; MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S ATTORNEY, POTTER HANDY, LLP

1
2
3
4
5

Defendant's meet and confer and during the time in which there was a promise to amend the Complaint. To now aggravate the matter, Plaintiff's Counsel has now again filed yet another request for entry of default—all in a wrongful attempt to gain an advantage in spite of the factual circumstance. Such behavior should be sanctioned severely to deter further noncompliance and bad faith.

6

## II.  BACKGROUND

7
8
9
10
11

This Motion is being made on behalf of Defendant. On June 5, 2020, plaintiff filed this action against Defendant, in relation to a store located at 1382 W. Sunset Boulevard, Los Angeles, California, asserting claims for "Damages And Injunctive Relief For Violations Of: American's With Disabilities Act; Unruh Civil Rights Act."

12
13
14
15
16
17

Compliance with Local Rule 7-3: The parties did, in fact, meet and confer regarding issues salient to a motion to dismiss under Rule 12(b)(1) and 12(b)(6). Defendant's Counsel has made every effort to meet and confer with Plaintiff's Counsel ultimately to no avail. Instead, Plaintiff's Counsel has wrongfully requested entry of default of Defendant twice and have continuously violated the both federal and local rules of civil procedure.

18
19
20
21

Relief Sought: The Court should dismiss the Complaint for its failure to allege Article III Standing. If Plaintiff is granted leave to amend, the Court should decline to exercise Supplemental Jurisdiction over the remaining State causes of action on grounds Plaintiff is doing an "end-around" State law.

22
23
24
25

Relief Sought: The Court should dismiss the Complaint for its failure to allege Article III Standing. If Plaintiff is granted leave to amend, the Court should decline to exercise Supplemental Jurisdiction over the remaining State causes of action on grounds Plaintiff is doing an "end-around" State law.

26

## III. STATEMENT OF FACTS AND PROCEDURAL HISTORY

27

Plaintiff filed a lawsuit against Defendant on June 5, 2020: According to the

28

NOTICE OF MOTION; MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S ATTORNEY, POTTER HANDY, LLP

Proof of Service on file with this Court, Defendant was served on June 15, 2020: Defendant sent the complaint to her counsel, Monica R. Molina, and counsel for Defendant requested a 30-day extension from Amanda Seabock, the attorney from Potter & Handy who was assigned Plaintiff's case. (Letter from Monica R. Molina to Amanda Seabock; Decl. Molina ¶3-¶5; Docket Entry 40/3-5). The stipulation to extend time for a responsive pleading was executed and filed on July 9, 2020. (Stipulation to Extend Time to File Responsive Pleading; Decl. Molina ¶6; Docket Entry 12; Docket Entry 40-6, at pg. 1-2).

Defendant's counsel decided that the appropriate responsive pleading was a motion to dismiss pursuant FRCP 12(1) and 12(6). (Decl. Molina ¶7). As such, Defendant's counsel reached out to Amanda Seabock, Plaintiff's counsel, to request a meet and confer per the Local 7-3 requirement prior to filing the motion. (Letter from Monica R. Molina to Amanda Seabock; Decl. Molina ¶7; Docket Entry 40-7, at pg. 2).

In response to Defendant counsel's request for a meet and confer, Plaintiff's counsel responded with an agreement to meet and confer on Friday, July 31, 2020. (Responsive email from Potter Handy to Monica R. Molina; Decl. Molina ¶8, Docket Entry 40-8, at pg. 1). Following confirmation of the meeting (Responsive email from Monica R. Molina to Potter Handy; Decl. Molina ¶8, Docket Entry 40-9, at pg. 1), Defendant's counsel contacted Raymond Ballister telephonically on July 31, 2020, and met and conferred with him regarding Defendant's motion to dismiss for about thirty (30) minutes. (Email from Monica R. Molina to Raymond Ballister; Decl. Molina ¶9, Docket Entry 40-10, at pg. 1). Raymond Ballister not only agreed to amend the Complaint in this action but he agreed to file the amended complaint by the following week, on or about August 5, 2020. (Email from Raymond Ballister to Monica R. Molina; Decl. Molina ¶10; Docket Entry 40/10-11). The amended complaint was never filed, and instead, the attorneys for Plaintiff

- 5 –

NOTICE OF MOTION; MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S ATTORNEY, POTTER HANDY, LLP

wrongfully requested an entry of default against Defendant on Monday, August 10, 2020. (Request to Enter Default Against Defendant Esperanza Molina; Decl. Molina ¶11; Docket Entry 25; Docket Entry 40-12, at pg. 1-5).

Upon receiving electronic notice of the request for entry of default, Defendant's counsel immediately contacted Plaintiff's counsel, Amanda Seabock, and requested that she immediately withdraw the wrongful request for entry of default against Defendant. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶12, Docket Entry 40-13, at pg. 1). Amanda Seabock responded that "[she] will look into this immediately and respond substantively asap." (Email from Amanda Seabock to Monica R. Molina; Decl. Molina ¶12, Docket Entry 40-14, at pg. 1). The Court entered default against Defendant on August 11, 2020 (Entry of Default Against Defendant Esperanza Molina; Decl. Molina ¶13; Docket Entry 26; Docket Entry 40-15, at pg. 1), during the time of no response from Amanda Seabock and no amended complaint filed by Plaintiff.

To add insult to injury, and after more than a week after the default was entered against Defendant and no action by Plaintiff's counsel to voluntarily set aside the wrongfully entered default had taken place, Ms. Seabock finally responded. The substance of her communication was troubling. First, Ms. Seabock indicated that Plaintiff's counsel changed its mind regarding an agreement to amend the complaint. (Email from Amanda Seabock to Monica R. Molina; Decl. Molina ¶14, Docket Entry 40-16, at pg. 1). That simply is unacceptable and against all the principles of contract law. Second, Amanda Seabock agreed to set aside the default by stipulation. (Email from Amanda Seabock to Monica R. Molina; Decl. Molina ¶14, Docket Entry 40-16, at pg. 1). Ms. Seabock did not indicate when the stipulation to set aside default would be prepared.

In response to Ms. Seabock's continued game-playing and affirmative conduct to secure an unfair advantage, Defendant's counsel attempted one last time

NOTICE OF MOTION; MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S ATTORNEY, POTTER HANDY, LLP

1
2
3
4
5
6

to resolve the matter short of having to move the Court for relief. On August 26, 2020, Defendant's counsel emailed Ms. Seabock (and copied two other Plaintiff attorneys working on the same matter requesting that she prepare the stipulation to set aside the default and return it for signature by the end of the following day. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶15, Docket Entry 40-17, at pg. 1).

7
8
9
10

Not having had any response from Plaintiff's Counsel, Defendant's Counsel filed a Motion to Set Aside Default which was stricken by this Court for failure to comply with Local Rule 7-3 and its requirement of meet and confer prior to the motion.

11
12
13
14
15
16
17
18
19

After setting up a meet and confer with Amanda Seabock for the purpose of avoiding another motion to set aside entry of default, Plaintiff's attorney failed to appear at the scheduled meet and confer. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶16, Docket Entry 40-18). After several communications, thereafter, Defendant's counsel agreed (in order to avoid further prejudice to Defendant) to draft the stipulation to set aside the entry of default as against Defendant, and reserved the right to pursue sanctions against Plaintiff and Plaintiff's attorneys for their bad faith conduct. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶17, Docket Entry 40-19).

20
21
22
23
24
25

Defendant's counsel prepared the stipulation to set aside default, obtained plaintiff attorney's signature and filed the stipulation/order with this Court. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶17, Docket Entry 40-20). This Court approved the stipulation and ordered the default set aside and that a **responsive pleading** be filed within ten (10) days of the entry of the order. (Decl. Molina ¶18, Docket Entry 35).

26
27

Before the ten (10) days elapsed, plaintiff's counsel once again threatened to enter default against Defendant if Defendant did not file an "Answer" immediately.

28

NOTICE OF MOTION; MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S ATTORNEY, POTTER HANDY, LLP

(Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶19, Docket Entry 40-21, at pg. 1). In response, Defendant's counsel explained to Amanda Seabock that such request would be wrongful once again. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶20, Docket Entry 40-22, at pg. 1).

Given that Defendant intended to file a responsive pleading in the form of a motion to dismiss, Defendant's counsel asked plaintiff's counsel to provide instructions as to who to serve with a proposed Joint Statement pursuant the Court's Standing Order. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶21, Docket Entry 40-23, at pg. 1). Amanda Seabock responded by indicating who should be served with the proposed Joint Statement for review. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶21, Docket Entry 40-24, at pg. 1).

Pursuant Ms. Seabock's instructions, Defendant's counsel sent a proposed Joint Statement to plaintiff's counsel to the designated email addresses. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶22, Docket Entry 40-25, at pg. 1). No response has been provided to date. (Decl. Molina ¶22).

In the interim, on October 26, 2020, a completely new attorney in plaintiff counsel's office has now wrongfully requested yet another entry of default of Defendant. (Decl. Molina ¶23, Docket Entry 39). Please note that the Declaration of Faythe Gutierrez in support of the most recent request for entry of default completely misrepresents the facts in this case as well as omits the very pertinent details of how plaintiff's counsel continues engaging in sanctionable behavior. (Decl. Molina ¶23, Docket Entry 39-1).

These tactics by plaintiff's attorneys are simply improper attempts at gaining an unfair advantage, and as such, hefty sanctions should be awarded to Defendant against plaintiff and plaintiff's counsel, Potter Handy, for not only unnecessarily forcing Defendant to file motions and aggravate attorney fees and costs, but more

– 8 –

importantly, to deter plaintiff's counsel from any further bad faith.

Defendant requests that the Court order dismissal of this case pursuant FRCP 12(b)(1) and 12(b)(6) and order hefty sanctions against plaintiff and plaintiff's attorney for their bad faith.

## III. <u>ARGUMENT</u>

**i. The Complaint is Jurisdictionally Defective**

The Complaint is jurisdictionally defective and subject to dismissal under Federal Rule of Civil Procedure 12(b)(1), "[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002); *United States v. Hays*, 515 U.S. 737, 742, (1995). The existence of Article III standing is not subject to waiver. Id., 742. It must be demonstrated "at the successive stages of the litigation," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541. Plaintiff Must Allege Facts Demonstrating the Existence of an Injury In-Fact, Even at the Pleading Stage." To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Lujan*, 560. To that end, "[a] 'concrete' injury must be 'de facto'; that is, it must actually exist." "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating" the existence of an injury in fact. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

Here, the complaint fails to state: 1) The date or dates on each particular occasion on which the plaintiff encountered the specific barrier; 2) Allege the way

NOTICE OF MOTION; MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S ATTORNEY, POTTER HANDY, LLP

1   in which the barrier(s) are related to his disability; 3) Allege the way in which the

2   barrier(s) denied plaintiff full and equal use or access; 4) Allege how it deterred

3   plaintiff, on each particular occasion; and 5) Explain whether plaintiff was on his

4   own or with an assistant.

5       Next, a plaintiff must aver that he suffered an injury in fact that is concrete,

6   particularized, actual, and imminent to have constitutional standing to bring suit

7   under the ADA, that he would return if the ADA violations were remedied. The

8   intent to return must be sincere. *Doran v. 7-Eleven, Inc*., 524 F.3d 1034, 1041.

9   (Evidence of past patronage of the business, location within a reasonable

10  distance from Plaintiff's residence and along a familiar bus route, plus a sincere

11  intent to return is sincere could demonstrate an "actual or imminent" injury.) *Parr v.*

12  *L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1079. *D'Lil v. Best W. Encina*

13  *Lodge & Suites*, 538 F.3d 1031 is instructive. The plaintiff in *D'Lil*, a paraplegic,

14  traveled to Santa Barbara on a work trip. Id. at 1034. After encountering access

15  barriers during her stay at the Best Western Encina, she brought suit against the

16  hotel. She "gave detailed reasons as to why she would prefer to stay at the Best

17  Western Encina during her regular visits to Santa Barbara." Id. at 1039. Id. Her

18  intent to return to the Santa Barbara area was evidenced by the regularity with

19  which she visited the city before, during, and after her stay at the Best Western

20  Encina. By her declaration, and her testimony at the evidentiary hearing, D'Lil

21  demonstrated that she has been visiting the Santa Barbara area since the early 1980s

22  for both business and pleasure. From 1993 to 2000, she had visited approximately

23  1-3 times per year.

24      Here, the Complaint is silent as to: 1) Plaintiff's current residence;

25  2) Distance from his residence to the subject premise; 3) Previous visit(s) to the

26  subject premise; 4) Connection to the geographic area; and 5) A sincere (credible

27  and plausible) plan to return. Plaintiff has averred none of these elements.

- 10 –

28  NOTICE OF MOTION; MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)
    AND 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND
    PLAINTIFF'S ATTORNEY, POTTER HANDY, LLP

Plaintiff has failed to plead required facts to establish standing under Article III. Had Plaintiff filed in State Court, he would need to aver: 1) an explanation of the specific access barrier or barriers encountered; 2) the way in which the barrier denied the individual full and equal access, or in which it deterred the individual on each particular occasion; and 3) the date/s when the claimant encountered the specific barriers. Because plaintiff lacks standing at the outset of this litigation to assert the ADA claims, the Court should dismiss them.

**ii. The Court Should Decline to Exercise Supplemental Jurisdiction Over the UNRUH Civil Rights Act Cause of Action**

To protect business owners from predatory litigation by high frequency plaintiffs California has enacted legislation to make attorneys representing these plaintiffs accountable for baseless claims. Cal. CCP Section 425.50 (c) states in relevant part: "A complaint alleging a construction-related accessibility claim shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. By signing the complaint, the attorney or unrepresented party is certifying that, to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met: 1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, and 2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

With the absence of these state Court constraints, the attorneys at the Potter Handy firm tend to be creative with the facts when serving their frequent filer clients. Here are a few examples from cases prosecuted by this attorney: *Langer v.*

NOTICE OF MOTION; MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S ATTORNEY, POTTER HANDY, LLP

*Colorado Professional Building, LLC* et al, Case Number: 2:18- cv-02267-SJO-FFM, UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA (Western Division Los Angeles), the Honorable S. JAMES OTERO; *Ghadiri v. Carpet & Linoleum City*, et al., Case Number: 8:18-cv -01869AG(ADSx), UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA, the Honorable ANDREW J. GUILFORD; *Love v. Carnwright* et al, Case Number: 5:18-cv-00190RSWL-SP, UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA (Eastern Division - Riverside), the Honorable RONALD S. W. LEW; *Whitaker v. Kashani* et al, Case Number: 2:18-cv-00346JFW-PLA, UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles), the Honorable JOHN F. WALTER.

The Court may sua sponte decline to exercise supplemental jurisdiction over Plaintiff's Unruh claim, as it would serve the interests of judicial economy, fairness to litigants, and comity. *United Mine Workers*, 383 U.S. at 726. The Unruh Act does not arise under federal law. Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over claims arising under laws of the United States. "A state-law claim invokes 28 U.S. C. § 1331 jurisdiction only if it 'necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" Shanks v. Dressel, 540 F.3d 1082, 1093 (9th Cir. 2008). The monetary damages sought by Plaintiff under the Unruh Act substantially predominate over federal injunctive relief. S*chutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1030 (S.D. Cal. 2017) (finding that monetary damages of $36,000 sought by plaintiff under the Unruh Act substantially predominate over federal injunctive relief); see also *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.,* 406 F. Supp. 2d 1120, at 1131 (S.D. Cal. 2005) (holding that potential

– 12 –

statutory damage award of $56,000 under Unruh Act substantially predominated over injunctive relief under the ADA); *Molski v. Hitching Post I Rest., Inc.*, No. CV 04-1077SVWRNBX, 2005 WL 3952248, at 7 (C.D. Cal. May 25, 2005). (concluding that the potential $52,000 damages award available under Unruh Act versus the injunctive relief and attorneys' fees available to plaintiff under the ADA was disproportionate enough to substantially predominated over the federal claims). Declining jurisdiction over the Unruh Act would help deter baseless claims and vexatious litigation a compelling reason to decline supplemental jurisdiction is provided by the legislative history to the Unruh Act itself.

    In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornaio* (America) Corp., CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code §55.52(a)(1). California's heightened pleading standard for construction-related accessibility claims require a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. See Cal. Civ. Proc. Code §425.50(a). California law requires plaintiffs to verify their complaints alleging construction-related accessibility claims. See Cal. Civ. Proc. Code §425.50(b)(1). A complaint alleging construction-related accessibility claims that is not verified is subject to a motion to strike. *Id*. When California continued to experience large numbers of these actions, California

1   imposed additional limitations on "high-frequency litigants." These additional

2   restrictions became effective on October 15, 2015. Under California law, a "high-

3   frequency litigant" is defined as: "A plaintiff who has filed 10 or more complaints

4   alleging a construction related accessibility violation within the 12-month period

5   immediately preceding the filing of the current complaint alleging a construction-

6   related accessibility violation" Cal. Civ. Proc. Code §425.55(b)(1). The definition

7   of high-frequency litigant also extends to attorneys. See Cal. Civ. Proc. Code

8   §425.55(b)(2). In support of its imposition of additional requirements on high-

9   frequency litigants, the California Legislature found and declared: According to

10  information from the California Commission on Disability Access, more than one-

11  half, or 54 percent, of all construction-related accessibility complaints filed between

12  2012 and 2014 were filed by two law firms. Forty-six percent of all complaints

13  were filed by a total of 14 parties. Therefore, a very small number of plaintiffs

14  have filed a disproportionately large number of the construction-related

15  accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these

16  lawsuits are frequently filed against small businesses on the basis of boilerplate

17  complaints, apparently seeking quick cash settlements rather than correction of the

18  accessibility violation. This practice unfairly taints the reputation of other innocent

19  disabled consumers who are merely trying to go about their daily lives accessing

20  public accommodations as they are entitled to have full and equal access under the

21  state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal

22  Americans with Disability Act of 1990 (Public Law 101-336). Cal. Civ. Proc. Code

23  §425.55(a)(2).

24       In response to these "special and unique circumstances," Cal. Civ. Proc.

25  Code §425.55(3), California imposed a "high frequency litigant fee" requiring high-

26  frequency litigants to pay a $1,000 filing fee at the time of the filing of the

27  initial complaint in addition to the standard filing fees. Cal. Gov't Code §70616.5.

28  NOTICE OF MOTION; MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)
    AND 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND
    PLAINTIFF'S ATTORNEY, POTTER HANDY, LLP

California law also requires complaints filed by high-frequency litigants to allege certain additional facts, including whether the action is filed by, or on behalf of, a high-frequency litigant, the number of construction-related accessibility claims filed by the high-frequency litigant in the preceding 12 months, the high frequency litigant plaintiff's reason for being in the geographic area of the defendant's business, and the reason why the high-frequency litigant plaintiff desired to access the defendant's business.  See Cal. Civ. Proc. Code §425.50(a)(4)(A).

<u>Here, Plaintiff CHRIS LANGER would fall within the definition of a high-frequency litigant</u>. Therefore, this Court should decline to exercise supplemental jurisdiction over Langer's Unruh Act claim because California's heightened pleading standards and increased filing fees do not apply in federal court, plaintiffs can circumvent the restrictions California has imposed on Unruh Act claims alleging construction-related accessibility claims simply by relying on § 1367(a)'s grant of supplemental jurisdiction to file their Unruh Act claims in federal court when they combine an Unruh Act claim with an ADA claim for injunctive relief. The number of construction-related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions.

**iii. Plaintiff's Attorney Has Acted In Bad Faith By Making Multiple Wrongful Requests for Entry of Default and Making Agreements With Opposing Counsel That They Never Intended to Keep While Failing to Advise of Same**

Plaintiff counsel's conduct as described above should be sanctioned accordingly under Local Rule 83-7 which states as follows:

"L.R. 83-7 Sanctions - Violation of Rule.  The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;

- 15 –

1    (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court

2    finds that the conduct rises to the level of bad faith and/or a willful disobedience of

3    a court order; and/or

4    (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the

5    Court may deem appropriate under the circumstances."

6        Such conduct by Plaintiff and his counsel, Potter Handy LLP, should not be

7    permitted and sanctioned by this Court. This Court should award Defendant costs

8    and attorneys' fees finding that the conduct as described herein rises to the level of

9    bad faith.

10                        IV. CONCLUSION

11        Based on the above reasons, this Court should grant Defendant's motion.

12   DATED: October 26, 2020              By: *Monica R. Molina*

                                              Monica R. Molina

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

- 16 –

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through CM/ECF and that the filing was served by CM/ECF on all counsel of record.


By: /s/Monica R. Molina
Monica R. Molina

---

- 17 –

NOTICE OF MOTION; MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S ATTORNEY, POTTER HANDY, LLP