MONICA R. MOLINA, ESQ. (SBN 217385)
LAW OFFICES OF MONICA R. MOLINA
30700 Russell Ranch Road, Suite 250
Westlake Village, California
Tel:   (747) 220-6655
Fax:   (747) 220-6601
E-mail:  MRMolina@sbcglobal.net

Attorneys for Defendant, ESPERANZA MOLINA

# UNITED STATES DISTRICT COURT,

# CENTRAL CALIFORNIA

| | |
|---|---|
| Chris Langer,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Esperanza Molina, in individual and representative capacity as trustee of the Esperanza Molina Revocable Trust-1995 executed September 16, 1995; Urbano Fernandez; Araceli Zuniga Hernandez; and Does 1-10,<br><br>　　　　　　Defendants. | Case No. 20:20-cv-04988-JFW-AS<br><br>**DECLARATION OF MONICA R. MOLINA IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. § 12(b)(1) and § 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND ATTORNEY FOR PLAINTIFF, POTTER HANDY, LLP**<br><br>Date:　November 30, 2020<br>Time:　1:30 p.m.<br>Place:　Courtroom of the<br>　　　　Hon. John F. Walter |

DECLARATION OF MONICA R. MOLINA IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. § 12(b)(1) and § 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND ATTORNEY FOR PLAINTIFF, POTTER HANDY, LLP

## DECLARATION OF MONICA R. MOLINA

I, Monica R. Molina, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and in the Central District of the United States Court. I represent Esperanza Molina ("Defendant") and am appearing on this matter on her behalf.

2. I have personal knowledge of the matters stated herein, and if called as a witness, I could and would testify competently thereto. I am familiar with the nature of this action, the pleadings filed therein, and my attempts to meet and confer with Plaintiff's counsel regarding Defendant's Motion to Set Aside Default.

3. Plaintiff filed a lawsuit against Defendant on June 5, 2020: According to the

4. Proof of Service on file with this Court, Defendant was served on June 15, 2020:

5. Defendant sent the complaint to me, and I requested a 30-day extension from Amanda Seabock, the attorney from Potter & Handy who was assigned Plaintiff's case. (Letter from Monica R. Molina to Amanda Seabock; Decl. Molina ¶3-¶5; Docket Entry 40/3-5).

6. The stipulation to extend time for a responsive pleading was executed and filed on July 9, 2020. (Stipulation to Extend Time to File Responsive Pleading; Decl. Molina ¶6; Docket Entry 12; Docket Entry 40-6, at pg. 1-2).

7. I decided that the appropriate responsive pleading was a motion to dismiss pursuant FRCP 12(1) and 12(6). (Decl. Molina ¶7). As such, Defendant's counsel reached out to Amanda Seabock, Plaintiff's counsel, to request a meet and confer per the Local 7-3 requirement prior to filing the motion. (Letter from Monica R. Molina to Amanda Seabock; Decl. Molina ¶7; Docket Entry 40-7, at pg. 2).

8. In response to Defendant counsel's request for a meet and confer, Plaintiff's counsel responded with an agreement to meet and confer on Friday, July

- 2 –
DECLARATION OF MONICA R. MOLINA IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. § 12(b)(1) and § 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND ATTORNEY FOR PLAINTIFF, POTTER HANDY, LLP

31, 2020. (Responsive email from Potter Handy to Monica R. Molina; Decl. Molina ¶8, Docket Entry 40-8, at pg. 1).

9. Following confirmation of the meeting (Responsive email from Monica R. Molina to Potter Handy; Decl. Molina ¶9, Docket Entry 40-9, at pg. 1), Defendant's counsel contacted Raymond Ballister telephonically on July 31, 2020, and met and conferred with him regarding Defendant's motion to dismiss for about thirty (30) minutes. (Email from Monica R. Molina to Raymond Ballister; Decl. Molina ¶9, Docket Entry 40-10, at pg. 1).

10. Raymond Ballister not only agreed to <u>amend the Complaint in this action</u> but he agreed to file the amended complaint by the following week, on or about August 5, 2020. (Email from Raymond Ballister to Monica R. Molina; Decl. Molina ¶10; Docket Entry 40/10-11).

11. The amended complaint was never filed, and instead, the attorneys for Plaintiff wrongfully requested an entry of default against Defendant on Monday, August 10, 2020. (Request to Enter Default Against Defendant Esperanza Molina; Decl. Molina ¶11; Docket Entry 25; Docket Entry 40-12, at pg. 1-5).

12. Upon receiving electronic notice of the request for entry of default, Defendant's counsel immediately contacted Plaintiff's counsel, Amanda Seabock, and requested that she immediately withdraw the wrongful request for entry of default against Defendant. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶12, Docket Entry 40-13, at pg. 1). Amanda Seabock responded that "[she] will look into this immediately and respond substantively asap." (Email from Amanda Seabock to Monica R. Molina; Decl. Molina ¶12, Docket Entry 40-14, at pg. 1).

13. The Court entered default against Defendant on August 11, 2020 (Entry of Default Against Defendant Esperanza Molina; Decl. Molina ¶13; Docket Entry 26; Docket Entry 40-15, at pg. 1), during the time of no response from

- 3 –
DECLARATION OF MONICA R. MOLINA IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. § 12(b)(1) and § 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND ATTORNEY FOR PLAINTIFF, POTTER HANDY, LLP

Amanda Seabock and no amended complaint filed by Plaintiff.

14. To add insult to injury, and after more than a week after the default was entered against Defendant and no action by Plaintiff's counsel to voluntarily set aside the wrongfully entered default had taken place, Ms. Seabock finally responded. The substance of her communication was troubling. First, Ms. Seabock indicated that Plaintiff's counsel changed its mind regarding an agreement to amend the complaint. (Email from Amanda Seabock to Monica R. Molina; Decl. Molina ¶14, Docket Entry 40-16, at pg. 1). That simply is unacceptable and against all the principles of contract law. Second, Amanda Seabock agreed to set aside the default by stipulation. (Email from Amanda Seabock to Monica R. Molina; Decl. Molina ¶14, Docket Entry 40-16, at pg. 1). Ms. Seabock did not indicate when the stipulation to set aside default would be prepared.

15. In response to Ms. Seabock's continued game-playing and affirmative conduct to secure an unfair advantage, Defendant's counsel attempted one last time to resolve the matter short of having to move the Court for relief. On August 26, 2020, Defendant's counsel emailed Ms. Seabock (and copied two other Plaintiff attorneys working on the same matter requesting that she prepare the stipulation to set aside the default and return it for signature by the end of the following day. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶15, Docket Entry 40-17, at pg. 1).

16. Not having had any response from Plaintiff's Counsel, Defendant's Counsel filed a Motion to Set Aside Default which was stricken by this Court for failure to comply with Local Rule 7-3 and its requirement of meet and confer prior to the motion. After setting up a meet and confer with Amanda Seabock for the purpose of avoiding another motion to set aside entry of default, Plaintiff's attorney failed to appear at the scheduled meet and confer. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶16, Docket Entry 40-18).

- 4 –
DECLARATION OF MONICA R. MOLINA IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. § 12(b)(1) and § 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND ATTORNEY FOR PLAINTIFF, POTTER HANDY, LLP

17. After several communications, thereafter, Defendant's counsel agreed (in order to avoid further prejudice to Defendant) to draft the stipulation to set aside the entry of default as against Defendant, and reserved the right to pursue sanctions against Plaintiff and Plaintiff's attorneys for their bad faith conduct. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶17, Docket Entry 40-19).

18. Defendant's counsel prepared the stipulation to set aside default, obtained plaintiff attorney's signature and filed the stipulation/order with this Court. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶17, Docket Entry 40-20). This Court approved the stipulation and ordered the default set aside and that a **responsive pleading** be filed within ten (10) days of the entry of the order. (Decl. Molina ¶18, Docket Entry 35).

19. Before the ten (10) days elapsed, plaintiff's counsel once again threatened to enter default against Defendant if Defendant did not file an "Answer" immediately. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶19, Docket Entry 40-21, at pg. 1).

20. In response, Defendant's counsel explained to Amanda Seabock that such request would be wrongful once again. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶20, Docket Entry 40-22, at pg. 1).

21. Given that Defendant intended to file a responsive pleading in the form of a motion to dismiss, Defendant's counsel asked plaintiff's counsel to provide instructions as to who to serve with a proposed Joint Statement pursuant the Court's Standing Order. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶21, Docket Entry 40-23, at pg. 1). Amanda Seabock responded by indicating who should be served with the proposed Joint Statement for review. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶21, Docket Entry 40-24, at pg. 1).

22. Pursuant Ms. Seabock's instructions, Defendant's counsel sent a

- 5 –
DECLARATION OF MONICA R. MOLINA IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. § 12(b)(1) and § 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND ATTORNEY FOR PLAINTIFF, POTTER HANDY, LLP

proposed Joint Statement to plaintiff's counsel to the designated email addresses. (Email from Monica R. Molina to Amanda Seabock; Decl. Molina ¶22, Docket Entry 40-25, at pg. 1). No response has been provided to date. (Decl. Molina ¶22).

23. In the interim, on October 26, 2020, a completely new attorney in plaintiff counsel's office has now wrongfully requested yet another entry of default of Defendant. (Decl. Molina ¶23, Docket Entry 39). Please note that the Declaration of Faythe Gutierrez in support of the most recent request for entry of default completely misrepresents the facts in this case as well as omits the very pertinent details of how plaintiff's counsel continues engaging in sanctionable behavior. (Decl. Molina ¶23, Docket Entry 39-1).

24. These tactics by plaintiff's attorneys are simply improper attempts at gaining an unfair advantage, and as such, hefty sanctions should be awarded to Defendant against plaintiff and plaintiff's counsel, Potter Handy, for not only unnecessarily forcing Defendant to file motions and aggravate attorney fees and costs, but more importantly, to deter plaintiff's counsel from any further bad faith.

Defendant requests that the Court order dismissal of this case pursuant FRCP 12(b)(1) and 12(b)(6) and order hefty sanctions against plaintiff and plaintiff's attorney for their bad faith.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct.

Dated: October 26, 2020               /s/*Monica R. Molina*
                                       Monica R. Molina

- 6 –
DECLARATION OF MONICA R. MOLINA IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. § 12(b)(1) and § 12(b)(6) AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND ATTORNEY FOR PLAINTIFF, POTTER HANDY, LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through CM/ECF and that the filing was served by CM/ECF on all counsel of record.

By: /s/Monica R. Molina
Monica R. Molina