MONICA R. MOLINA, ESQ. (SBN 217385)
LAW OFFICES OF MONICA R. MOLINA
30700 Russell Ranch Road, Suite 250
Westlake Village, California
Tel:    (747) 220-6655
Fax:    (747) 220-6601
E-mail:  MRMolina@sbcglobal.net

Attorneys for Defendant, ESPERANZA MOLINA

# UNITED STATES DISTRICT COURT,

## CENTRAL CALIFORNIA

| | |
|---|---|
| Chris Langer,<br><br>        Plaintiff,<br><br>    v.<br><br>Esperanza Molina, in individual and representative capacity as trustee of the Esperanza Molina Revocable Trust-1995 executed September 16, 1995; Urbano Fernandez; Araceli Zuniga Hernandez; and Does 1-10,<br><br>        Defendants. | **Case No. 20:20-cv-04988-JFW-AS**<br><br>**JOINT STATEMENT OF MEET AND CONFER CONFERENCE**<br><br><br><br>Date:<br>Time:    1:30 p.m.<br>Place:   Courtroom of the<br>            Hon. John F. Walter |

        Pursuant to this Court's Standing Order, Defendant Esperanza Molina ("Defendant") and Plaintiff Chris Langer ("Plaintiff") make the following joint statement of their meet and confer regarding Defendant's Motion to Dismiss Plaintiff's Complaint:

        1) Defendant decided that the appropriate responsive pleading was a motion to dismiss pursuant FRCP 12(1) and 12(6). As such, Defendant's counsel, Monica R. Molina, reached out to Amanda Seabock, Plaintiff's counsel, to request a meet and confer per the Local 7-3 requirement prior to filing the motion. In response to

Defendant's counsel request for a meet and confer, Plaintiff's counsel responded with an agreement to meet and confer on Friday, July 31, 2020.

2) Following confirmation of the meeting, Defendant's counsel contacted Raymond Ballister telephonically on July 31, 2020, and met and conferred with him regarding Defendant's Motion to dismiss for about thirty (30) minutes.

3) The participants discussed Defendant's arguments in support of Defendant's Motion to Dismiss based on 1) lack of jurisdiction for failure to state a cause of action as well as 2) requesting that the Court refuse to exercise supplemental Jurisdiction.  After our discussion on these matters, Raymond Ballister stated that his office would be amending the complaint to allege more facts. As to the request that the Court exercise supplemental jurisdiction over state claims, Raymond Ballister indicated that the amended complaint would still contain the state claims and have the Court decide on that issue.

4) The discussion included Plaintiff's counsel detailing the reasons why these arguments were compelling or not. Specifically, Raymond Ballister stated: "I did tell you that we would be amending the present complaint to allege[d] the involvement of the tenant defendants, Urbano Fernandez and Araceli Zuniga Hernandez. I further told you that at that time, we would *consider* further allegations re: "injury in fact" and / or 'standing'.  Otherwise, your stated recollection of our conversation is correct." Raymond Ballister agreed to <u>amend the Complaint in this action</u> and file the amended complaint by the following week, on or about August 5, 2020.

5) The amended complaint was never filed, and instead, Plaintiff's counsel requested an entry of default against Defendant on Monday, August 10, 2020.

6) Upon receiving electronic notice of the request for entry of default, Defendant's counsel contacted Plaintiff's counsel, Amanda Seabock, and requested that she immediately withdraw the request for entry of default against Defendant. Amanda Seabock responded that "[she] will look into this immediately and respond

substantively asap."

7) The Court entered default against Defendant on August 11, 2020, during the time of no response from Amanda Seabock and no amended complaint filed by Plaintiff.

8) After more than a week after the default was entered against Defendant and no action by Plaintiff's counsel to voluntarily set aside the default had taken place, Ms. Seabock finally responded. First, Ms. Seabock indicated that Plaintiff's counsel changed its mind regarding an agreement to amend the complaint. Second, Amanda Seabock agreed to set aside the default by stipulation.

9) Ultimately, the default was set aside by stipulation/order and entered on September 29, 2020, and now Defendant seeks to move the Court for dismissal on the same premise as set forth previously.

Dated: October 8, 2020            By:_____
                                         Monica R. Molina
                                         Attorney for Defendant
                                         ESPERANZA MOLINA


                                  By:_____
                                         Raymond Ballister
                                         Attorney for Plaintiff
                                         CHRIS LANGER